[No. 1903.]

### Joe Pratt v. The State.

Malicious Mischief.— Information to charge the offense of defacing a public building, unless the building defaced be one that is specifically named in article 418 of the Penal Code, should allege that the building was a "public building held for public use." In· failing to so describe the school-house alleged to be defaced, the information in this case was deficient, and therefore the motion in arrest of judgment should have prevailed.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. E. Dillard, County Judge.

The conviction in this case was for defacing a building in Kaufman county known as the school-house of the Baker Prairie school community. A fine of $10 was assessed against the appellant.

*H. P. Teague*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. It is not alleged in the information that the school-house, which defendant is charged with having injured, was a "public building, held for public use." This allegation is essential in an indictment under articles 417 and 418 of the Penal Code, where the building is one which is not specifically named in article 418 as a public building. (*Brown* v. *The State*, 16 Texas Ct. App., 245.) Defendant's motion in arrest of judgment should have been sustained; and because the information is insufficient in matter of substance, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 7, 1885.]